# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RITA MENDEZ, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:18-2260 |
| v. | : | (Mannion, D.J.) |
| | | (Saporito, M.J.) |
| STROUDSBURG HIGH SCHOOL, | : | |
| | : | |
| Defendant | | |

# **M E M O R A N D U M**

Before the court is the March 14, 2019 report and recommendation of Judge Saporito. (Doc. 19). The case arises from a complaint, (Doc. 2), filed *pro se* by plaintiff Rita Mendez on November 19, 2018. Mendez sues defendant Stroudsburg High School[1], alleging unidentified students verbally harassed her when she was across the street from the high school.[2] This case is construed as a civil rights action under 42 U.S.C. §1983. Mendez also filed a motion to proceed *in forma pauperis* under 28 U.S.C. §1915(e)(2)(B)(ii), which Judge Saporito granted. On December 7, 2018, SSD filed a motion to dismiss the complaint for lack of subject matter jurisdiction,

---

[1]Judge Saporito correctly substituted the Stroudsburg School District ("SSD") as the proper defendant. The school district not the high school is the entity subject to suit for purpose of §1983. *See* Kline ex rel. Arndt v. Mansfield, 454 F.Supp.2d 258, 262 (E.D.Pa. 2006).

[2]Mendez is a prolific filer of civil actions in this court. This case is the seventh *pro se* lawsuit, seeking *in forma pauperis* status, she has filed with this court within the last two years. *See* Civil Nos.17-924, 17-1141, 18-28, 18-391, 18-2165, and 18-2063. (M.D. Pa.). Four of Mendez's cases have already been closed after they were found to be frivolous. The instant case will also be closed as frivolous.

or, alternatively, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 9). Judge Saporito recommends that the motion be granted and that the complaint be dismissed for failure to state a claim, without affording Mendez the opportunity to file an amended complaint.

On March 22, 2019, Mendez filed a 2-page letter which the court will construe as her objections to the report. (Doc. 20). Mendez simply states that the alleged harassment by unnamed students from the high school occurred again on March 5, 2019, when she was at a McDonald's restaurant in Stroudsburg. She also states that she is increasing her original $500,000 demand for damages by $300,000 due to her additional harassment charge. Mendez attached a copy of her receipt from McDonald's to her letter as proof she was there.

## I. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp. 2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31."[A] Report and Recommendation does not have force of law unless and until the district court enters an order accepting or [not accepting] it." Garceran v. Morris County Prosecutors Office, 2015 WL 858106, *1 (D.N.J. Feb. 27, 2015) (citing United Steelworkers of Am. v. N.J. Zinc Co., Inc., 828 F.2d 1001, 1005 (3d Cir. 1987)).

**II.    DISCUSSION**[3]

Even liberally construing Mendez's complaint, as required, it does not state a 14th Amendment substantive due process claim that SSD failed to protect her from the students' verbal harassment either when she was across

---

[3]Since Judge Saporito states the correct standards regarding motions to dismiss under Fed.R.Civ.P. 12(b)(6) and a civil rights action under §1983, they shall not be repeated here.

3

the street from the high school or at McDonald's. Mendez's 14th Amendment claim is "foreclosed by th[e] [Third Circuit's] decision in Morrow v. Balaski, 719 F.3d 160 (3d Cir. 2013), *cert. denied*, 571 U.S. 1110, 134 S.Ct. 824 (2013)." Bridges ex rel. D.B. v. Scranton School Dist., 644 Fed.Appx. 172, 174 (3d Cir. 2016). In *Morrow*, [the Third Circuit] noted that 'every other Circuit Court of Appeals that has considered [the issue of bullying by students] in a precedential opinion has rejected the argument that a special relationship generally exists between public schools and their students." *Id*. at 176 (citation omitted). As such, the special relationship exception to the general rule that there is no duty for the state to protect citizens from the acts of private individuals is not applicable to Mendez's case. *See id.* at 176-77. Nor do Mendez's allegations state a claim under the state-created danger exception, even if she is construed as alleging that the harassment by the students was due to SSD's inaction. *See id.* at 177-78 (citing Morrow, 719 F.3d at 178). Thus, SSD had no duty to protect Mendez from the alleged harassment by the students.

Moreover, "[s]ubstantive due process claims based upon '[n]on-physical types of harassment, including verbal abuse,' are subject to the 'shocks the conscience' analysis", and the students' alleged conduct "does not rise to the level of a constitutional violation." *Id*. at 178 (internal and external citations omitted).

Finally, in order for Mendez to state a claim under §1983 against SSD

it must be based on *Monell v. Department of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018 (1978). A municipality, including a school district, is a "person" for purposes of §1983. *See* Bd. of the County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403, 117 S.Ct. 1382 (1997) (citing *Monell, supra*)); McGreevy v. Stroup, 413 F.3d 359, 367-69 (3d Cir. 2005) (school district is subject to liability in a §1983 action under *Monell*). As the report finds, "[Mendez] has failed to allege any established municipal policy, practice, or custom of [SSD] that caused a cognizable injury."

Mendez's objections to Judge Saporito's report lack any coherent argument as to how her complaint states a cognizable §1983 claim sufficient to overcome SSD's motion to dismiss under Rule 12(b)(6).

The court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g.*, Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004). Here, the court agrees with Judge Saporito's determination that Mendez should not be granted leave to amend her complaint. It would plainly be futile to give Mendez an opportunity to amend her pleading.

Finally, the court is advising Mendez that if she continues to file frivolous

5

actions seeking *in forma pauperis* status, a show cause order may be issued in order to conduct a show cause hearing to determine whether the court should impose a pre-filing injunction preventing Mendez from filing any pleadings, motions, or other papers with this court without approval of court, based on her several prior frivolous filings which has cost this court considerable time and wasted valuable judicial resources. *See* Walsh v. U.S. House of Representatives, 2017 WL 2544834 (M.D.Pa. June 13, 2017) ("This court, in its sound discretion, can impose restrictions upon a litigant's right to future litigation." (citing Abulkhair v. Liberty Mut. Ins. Co., 405 Fed.Appx. 570 (3d Cir. 2011)).

### III. CONCLUSION

For the above reasons, the report of Judge Saporito, (Doc. 19), is **ADOPTED IN ITS ENTIRETY**. Mendez's objections, (Doc. 20), are **OVERRULED**. SSD's motion to dismiss, (Doc. 9), Mendez's complaint, (Doc. 2) is **GRANTED**, and the complaint **DISMISSED WITH PREJUDICE**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 29, 2019**
18-2260-01.wpd

6